

# THE ATTORNEY GENERAL
# OF TEXAS

June 30, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Charles D. Houston          Opinion No. JM-733
District Attorney
One East Main                         Re: Payment of overtime compensa-
Bellville, Texas    77418             tion to county employees, and
                                      related questions

Dear Mr. Houston:

You ask several questions about the impact of the federal Fair Labor Standards Act of 1938, 29 U.S.C. section 201 et seq. (hereinafter FLSA), as amended, on overtime compensatory time accrued by county employees. You ask (1) whether the county must pay the employee for accrued overtime compensatory time when the employee resigns or his employment is otherwise terminated, (2) whether the county may have the employee "nominally" on the payroll until the employee receives payment for accrued overtime compensatory time, (3) whether, if payment is due, payment should be made from the budget of the department in which the employee worked, and (4) whether, if a budget line item exists for the payment of overtime compensation, the county commissioners court may nevertheless direct that the overtime compensation be paid out of the regular salary line item. The FLSA affects only the first two questions.

Section 7(a)(1) of the FLSA prohibits employers from requiring or allowing employees to work more than 40 hours per workweek without compensating the employees for₁ the overtime at 1 1/2 times the employee's regular rate of pay.¹ 29 U.S.C. §207(a)(1); see Attorney General Opinion JM-680 (1987). The FLSA applies to public employers. See Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528 (1985); see also Attorney General Opinion JM-475 (1986) (for history of applicability of the FLSA to public employers). Prior to amendment in 1985, the FLSA required employers either to pay employees at 1 1/2

---

1. It should be noted that the FLSA applies only to hours actually worked in excess of forty hours per workweek. If an employee works on a county holiday, the employee may be entitled, depending on county policy, to hour-for-hour compensatory time off. The FLSA will apply only if the total number of hours worked during the workweek exceeds forty. For similar reasons, a paid holiday on which an employee does not work does not count toward hours worked under the FLSA. This opinion addresses only compensatory time off due under the FLSA.

times their regular rate of pay for overtime or to allow employees to take time off at 1 1/2 times their accrued overtime hours during the same pay period in which the overtime accrued.  Because of the burden this placed on public employers, Congress amended the FLSA in 1985 to allow public employers to provide this compensatory time off under more liberal terms.  See Fair Labor Standards Amendments of 1985, Pub. L. 99-150, §2(a)(1) (1985) (amending 29 U.S.C. §207).

The FLSA authorizes public employers to give employees compensatory time off in lieu of overtime compensation if the public employer meets certain requirements:

> (1)  Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.

> (2)  A public agency may provide compensatory time under paragraph (1) only --

> (A)  pursuant to --

> (i)  applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees; or

> (ii)  in the case of employees not covered by subclause (i), an agreement or understanding arrived at between the employer and employee before the performance of the work; and

> (B)  if the employee has not accrued compensatory time in excess of the limit applicable to the employee prescribed by paragraph (3):

> In the case of employees described in clause (A)(ii) hired prior to April 15, 1986, the regular practice in effect on April 15, 1986, with respect to compensatory time off for such employees in lieu of the receipt of overtime compensation, shall constitute an agreement or understanding under such clause (A)(ii).  Except as provided in the previous sentence, the provision of compensatory time off to

> such employees for hours worked after April 14,
> 1986, shall be in accordance with this subsection.
> (Emphasis added).

29 U.S.C. §207(o).

Thus, public employers may allow employees to accrue a certain amount of compensatory time off for overtime worked so long as the public employer meets two basic requirements. Cf. Attorney General Opinions JM-491, JM-475 (1986) (state agencies covered by this Appropriations Act also subject to one-year limit). First, the employee must agree that he will receive compensatory time-off in lieu of overtime compensation before the overtime is worked. Second, an employee cannot accrue more than the number of compensatory hours specified in the FLSA. If the employee is engaged in a public safety activity, an emergency response activity, or a seasonal activity, the employee may accrue no more than 480 hours of compensatory time for hours worked after April 15, 1986. 29 U.S.C. §207(o)(3)(A). If the employee is engaged in any other work, the employee may accrue no more than 240 hours of compensatory time for hours worked after April 15, 1986. Id. It should be noted that these maximum amounts refer to accrued overtime compensatory time, not to actual hours of overtime worked. As indicated, compensatory time must be provided at 1 1/2 times the number of overtime hours worked. If an employee accrues more than the maximum amounts allowed, the employee must be paid overtime compensation. 29 U.S.C. §207(o)(3)(A), (B).

Consequently, the county must provide county employees with either overtime compensation or compensatory time off, as provided in the FLSA. You ask whether the county may leave an employee "nominally" on the payroll until the employee receives "payment" for accrued overtime compensatory time off. In essence, you wish to know whether an employee who resigns must receive lump sum payment of accrued overtime compensatory time, or whether the employee may remain on the payroll, receiving salary and other employment benefits until the employee receives full overtime compensatory time off. The FLSA requires that

> An employee who has accrued compensatory time off authorized to be provided under paragraph (1) shall, upon termination of employment, be paid for the unused compensatory time at a rate of compensation not less than --
>
> (A) the average regular rate received by such employee during the last 3 years of the employee's employment, or

>     (B) the final regular rate received by such
>     employee, whichever is higher.   (Emphasis
>     added).

29 U.S.C. §207(o)(4).  See Attorney General Opinion JM-680 (how to
determine the regular rate of pay).  Once the employment relationship
ends, the county must pay overtime compensation.  On the other hand,
the county and the employee may agree, within the FLSA guidelines set
forth above, that the employee will be allowed to take accrued
compensatory time off just prior to leaving the employ of the county.

Your remaining questions relate to the manner in which the county
budget is determined.  Article 689a-9, V.T.C.S., provides that county
budgets shall be prepared "to cover all proposed expenditures of the
county government for the succeeding year."  Article 689a-11,
V.T.C.S., provides:

>     The Commissioners' Court in each county shall
>     each year provide for a public hearing on the
>     county budget -- which hearing shall take place on
>     some date to be named by the Commissioners' Court
>     subsequent to August 15th and prior to the levy of
>     taxes by said Commissioners' Court.  Public notice
>     shall be given that on said date of hearing the
>     budget as prepared by the County Judge will be
>     considered by the Commissioners' Court.  Said
>     notice shall name the hour, the date and the place
>     where the hearing shall be conducted.  Any tax-
>     payer of such county shall have the right to be
>     present and participate in said hearing.  At the
>     conclusion of the hearing, the budget as prepared
>     by the County Judge shall be acted upon by the
>     Commissioners' Court.  The Court shall have
>     authority to make such changes in the budget as in
>     their judgment the law warrants and the interest
>     of the taxpayers demand.  When the budget has been
>     finally approved by the Commissioners' Court, the
>     budget, as approved by the Court shall be filed
>     with the Clerk of the County Court, and taxes
>     levied only in accordance therewith, and no
>     expenditure of the funds of the county shall
>     thereafter be made except in strict compliance
>     with the budget as adopted by the Court.  Except
>     that emergency expenditures, in case of grave
>     public necessity, to meet unusual and unforeseen
>     conditions which could not, by reasonably diligent
>     thought and attention, have been included in
>     the original budget, may from time to time be
>     authorized by the Court as amendments to the
>     original budget.  In all cases where such

> amendments to the original budget is made, a copy
> of the order of the Court amending the budget
> shall be filed with the Clerk of the County Court,
> and attached to the budget originally adopted.
> (Emphasis added).

See also V.T.C.S. art. 3912k, §2.   Article 689a-11 requires that county salary payments comply with the county budget.   See Attorney General Opinion JM-192 (1984).

You ask whether payments of overtime compensation to an employee should be made from the budget of the department in which the employee worked.   Article 689a-11 provides that "no expenditure of the funds of the county shall . . . be made except in strict compliance with the budget as adopted by the [Commissioners] Court."  Consequently, if the county budget provides that the expenditures for a particular county department are to come out of that department's budget, overtime compensation for that department's employees should come from that department's budget.   On the other hand, article 689a-11 provides for budget amendments for emergency expenditures in unforeseeable emergency situations.   See Attorney General Opinion Nos. H-777 (1976); H-12, H-11 (1973); cf. V.T.C.S. art. 1666a (applies to counties of over 225,000 population, does not apply to Austin or Waller county). If the need for overtime compensation stemmed from an unforeseeable emergency situation as defined in article 689a-11, a budget amendment would be warranted.   Article 689a-11 cannot be used as a shield to avoid compliance with the FLSA.   In other words, the fact that a particular department's budget lacks sufficient funds to cover FLSA overtime compensation will not relieve the county of its responsibility to pay the compensation.

You also ask whether, if a budget line item exists for the payment of overtime compensation, the county commissioners court may nevertheless direct that the overtime compensation be paid out of the regular salary line item.   Article 689a-11 requires that counties comply with their budgets.   Consequently, the terms of the particular budget in question govern the disposition of county funds.   As a general rule, if the county budget contains a line item for general overtime compensation and the funds available for that line item are sufficient to cover the overtime compensation due, the county must pay the overtime compensation from the overtime compensation line item. If the overtime compensation line item lacks the funds for the overtime compensation legally due under the FLSA, the compensation could be paid from the line item for salaries.   Counties must comply with the FLSA.   As indicated, if an unforeseeable emergency caused the need for overtime work and therefore overtime compensation, an emergency amendment to the budget would be warranted.   Moreover, a potential violation of federal law could be deemed an emergency situation.

## S U M M A R Y

The federal Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq., as amended, prohibits public employers, such as counties, from requiring or allowing employees to work more than 40 hours per workweek without compensating the employees for the overtime at 1 1/2 times the employee's regular rate of pay. The act authorizes public employers to give employees compensatory time off in lieu of overtime if (1) the employee agrees that he will receive compensatory time off in lieu of overtime compensation before the overtime is worked, and (2) the maximum number of overtime compensatory hours set forth in the act has not already accrued. Although the county and an employee may agree that the employee will be allowed to take accrued compensatory time off just prior to leaving the employ of the county, the employee may not be "nominally" on the payroll. Under the FLSA, an employee is either employed or not employed.

Article 689a-11 provides that expenditures of county funds must be made in strict compliance with the budget adopted by the commissioners court. Thus, the line items in particular budgets govern the funds from which overtime compensation will be paid. Article 689a-11 authorizes budget amendments. Moreover, the fact that a particular line item lacks sufficient funds to cover overtime compensation due under the FLSA will not relieve the county of its legal responsibility to comply with the FLSA.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

p. 3413